18-2022(L)
*Universal Instruments Corp. v. Micro Systems Engineering, Inc.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand twenty.

PRESENT:

DENNIS JACOBS,
SUSAN L. CARNEY,
MICHAEL H. PARK,
*Circuit Judges.*

_____

UNIVERSAL INSTRUMENTS CORPORATION,
A DELAWARE CORPORATION,

*Plaintiff-Consolidated Defendant-Counter-Defendant-Appellant-Cross-Appellee,*

v.

MICRO SYSTEMS ENGINEERING, INC.,
AN OREGON CORPORATION,

*Consolidated Plaintiff-Defendant-Counter Claimant-Appellee-Cross-Appellant,*

MISSOURI TOOLING & AUTOMATION, INC.,
A MISSOURI CORPORATION,

*Defendant-Counter Claimant-Appellee-Cross-Appellant.*

_____

Nos. 18-2022(L)
     18-2100 (XAP)

FOR PLAINTIFF-CONSOLIDATED
DEFENDANT-COUNTER DEFENDANT-
APPELLANT-CROSS-APPELLEE:

AMY MASON SAHARIA (Giselle Barcia & Matthew J. Greer, *on the brief*), Williams & Connolly LLP, Washington, DC.

Anthony L. Meola, Christopher E. Blank, & Victor J. Baranowski, *on the brief*, Schmeiser, Olsen & Watts LLP, Latham, NY.

FOR CONSOLIDATED PLAINTIFF-
DEFENDANT-COUNTER-CLAIMANT-
APPELLEE-CROSS-APPELLANT &
DEFENDANT-COUNTER-CLAIMANT-
APPELLEE-CROSS-APPELLANT:

THOMAS C. WHITE (David B. Tulchin, Adam R. Brebner, & Jacob B. Lieberman, *on the brief*), Sullivan & Cromwell LLP, New York, NY.

Appeal from the judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on June 4, 2018, is **VACATED** and the cause is **REMANDED** for further proceedings consistent with this Order.

Universal Instruments Corporation ("Universal") appeals from the judgment of the District Court ordering it under the Copyright Act to pay defendants Micro Systems Engineering, Inc. ("MSEI"), and Missouri Tooling & Automation, Inc. ("MTA"), $3,008,990.92 in attorney's fees. MSEI and MTA cross-appeal, arguing that the portion of the fees awarded for post-summary judgment work, $2,081,192.40, was too low. For the reasons stated below, we vacate the judgment of the District Court and remand for further proceedings consistent with this order.

In 2013, Universal sued MSEI and MTA for copyright infringement, misappropriation of trade secrets, breach of contract, unfair competition, unjust enrichment,

and promissory estoppel in claims arising from MSEI and MTA's use and modification of computer source code that Universal supplied to MSEI for MSEI's use in developing a product testing system. After discovery and motion practice, the case proceeded to trial on breach of contract, copyright infringement, and misappropriation of trade secrets claims as against MSEI, and unjust enrichment, unfair competition, copyright infringement, and misappropriation of trade secrets claims as against MTA.

In August 2017, at the close of trial, the District Court granted judgment as a matter of law to MSEI and MTA under Federal Rule of Civil Procedure 50. *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 2017 WL 3396532, at *4 (N.D.N.Y. Aug. 8, 2017) ("Rule 50 Order"). In June 2018, almost one year after the merits determination, on MSEI's motion, the court awarded approximately three million dollars in attorney's fees to MSEI and MTA under section 505 of the Copyright Act. Universal appealed from the merits judgment, and in May 2019, our Court affirmed in a published opinion. *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 924 F.3d 32, 38 (2d Cir. 2019) ("Merits Appeal Decision").

Universal now appeals the 2018 fee award, and MSEI and MTA cross-appeal. We assume the parties' familiarity with the underlying facts, procedural history, and arguments, to which we refer only as necessary to explain our decision to vacate the District Court's judgment and remand for further proceedings.

Section 505 of the Copyright Act, which underlies the fees award, provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. The Supreme Court has instructed in the context of section 505 that "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion" and that "[t]here is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations we have identified." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) (internal quotation marks omitted). The considerations listed in *Fogerty* include:

3

frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence. . . . [S]uch factors may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act . . . .

*Id.* at 534 n.19 (internal citations and quotation marks omitted).

The Supreme Court has since further expounded the weight that courts should accord the "objective unreasonableness" factor:

[O]bjective reasonableness can be only an important factor in assessing fee applications—not the controlling one. As we recognized in *Fogerty*, § 505 confers broad discretion on district courts and, in deciding whether to fee-shift, they must take into account a range of considerations beyond the reasonableness of litigating positions.

*Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1988 (2016). Nevertheless, the *Kirtsaeng* Court advised that the objective reasonableness factor should be given "substantial weight." *Id.* at 1983.

Here, the District Court grounded the fee award on numerous considerations, to which we now turn. We review the District Court's judgment for abuse of discretion. *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 121 (2d Cir. 2001).

   a. *Objective Unreasonableness*

Universal argues that, contrary to the District Court's determination, its suit was not objectively unreasonable as a matter of law. In support, it points to the lengthy and substantive Merits Appeal Decision issued by this Court in 2019, after the District Court awarded fees. In its fees order, the District Court concluded to the contrary that Universal's position was objectively unreasonable. It commented: "Given that no reasonable view of the evidence supported Universal's claims, a reasonable copyright attorney would not have filed a complaint in the first instance." *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 2018 WL 748871, at *2 (N.D.N.Y. Feb. 7, 2018) ("First Fees Order").[1] The District Court did not

---

[1] The District Court later issued a separate order, also challenged here, specifying the amount of fees. *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 2018 WL 2604817 (N.D.N.Y. June 4, 2018) ("Second Fees Order").

have the benefit of our Merits Appeal Decision, however, when it entered the First Fees Order.

In our Merits Appeal Decision, we considered among other issues whether MSEI and MTA's modification of the source code constituted copyright infringement. Our analysis of that issue calls into question the District Court's assessment of the "objective reasonableness" factor. We first noted that section 8.2 of the relevant contract, the Equipment Purchase Agreement ("EPA"), "arguably prohibits, at least impliedly, MSEI and its suppliers from modifying Universal's pre-existing intellectual property," thereby undercutting the District Court's conclusion that no reasonable lawyer would have filed a claim in the first instance. Merits Appeal Decision, 924 F.3d at 44. However, we held that the affirmative defense of 17 U.S.C. § 117(a)[2] permitted MSEI and MTA's modification of the source code. The District Court did not mention section 117(a), perhaps because the defendants waited until trial to raise it.

Although its view did not in the end prevail, Universal reasonably contended that section 117(a) did not apply to the situation at hand. Its arguments caused our Court in its written opinion to clarify "an important limitation" to the affirmative defense raised under section 117(a). *Id.* at 46. In a 2005 decision, we had noted that although section 117(a) applied in that case, "[a] different scenario would be presented if [defendant's] alteration somehow interfered with [plaintiff's] access to, or ability to exploit, the copyrighted work that he authored." *Krause v. Titleserv, Inc.*, 402 F.3d 119, 129 (2d Cir. 2005). Universal claimed that MSEI's provision of the source code to MTA—Universal's competitor—is the type of

---

[2] In relevant part, section 117(a) provides that

> Notwithstanding the provisions of section 106 [which lists the exclusive rights of a copyright holder], it is not an infringement for the owner of a copy of a computer program to make or authorize the making of another copy or adaptation of that computer program provided:
>
>> (1) that such a new copy or adaptation is created as an essential step in the utilization of the computer program in conjunction with a machine and that it is used in no other manner . . . .

17 U.S.C. § 117(a).

scenario that *Titleserv* envisioned. We disagreed, but it was not unreasonable for Universal to try to push through the door that *Titleserv* left open.

In light of the Merits Appeal Decision's reading of section 8.2 and its lengthy analysis applying section 117(a), we view it as cutting against a finding that Universal's position was objectively unreasonable.

Our extended discussion of section 117(a) in the Merits Appeal Decision contrasts with the District Court's treatment of the issue following trial. The District Court failed to mention it at all in its Rule 50 decision, noting only that "a variety of arguments have been advanced by MSEI and MTA to support their Rule 50 motions, all of which the court adopts."[3] Rule 50 Order, 2017 WL 3396532, at *3. We cannot be confident that, had the District Court had the benefit of the intervening Merits Appeal Decision, and in particular its discussion of section 117(a), it would still have opined that "a reasonable copyright attorney would not have filed a complaint in the first instance." First Fees Order, 2018 WL 748871, at *2.

b. *Shifting Theory of Liability*

Universal also argues that the District Court erred in factually finding that "Universal shifted its theory of liability to such an extent that they actually advanced theories which contradicted their own pleadings." First Fees Order, 2018 WL 748871, at *2. The court's observation, if true, speaks to "the need in particular circumstances to advance considerations of compensation and deterrence," *Fogerty*, 510 U.S. at 534 n.19, as contributing to the propriety of the fees award.

After review of the record, we agree with Universal, however, that it consistently argued that MSEI and MTA's use and modification of the source code exceeded the scope of use permitted by section 8.2 of the EPA. *See* Joint App'x 110-11 (Complaint), 667-68 (Third Amended Complaint), 827-28 (Cross-Motion for Partial Summary Judgment), 1097-

---

[3] In the District Court proceedings, MSEI raised section 117(a) in a three-paragraph discussion in its Memorandum in Support of its Rule 50 motion. Motion for Judgment as a Matter of Law, *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 13-cv-00831, ECF No. 391, at 10-11.

6

98 (Trial Brief). We therefore do not perceive a clear shift in Universal's theory of liability driving the course of the litigation. Eliminating this consideration, too, would undercut the rationale for the court's fee award for MSEI and MTA.

*c. Other Grounds for the Fee Award*

The District Court discussed two other grounds of potential relevance to "the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 534 n.19. These grounds were: (1) a "lack of understanding about basic legal concepts," and (2) a "lack of any reasonable attempt to resolve this litigation short of trial." First Fees Order, 2018 WL 748871, at *2. Universal contests both, but on review of the record, we do not perceive any error in these factual findings, which we agree are suitable for consideration in deciding whether to award fees under section 505. Whether they warrant significant weight as part of the total mix of relevant favors can be determined only after remand.

\* \* \*

We therefore vacate the District Court's orders awarding attorney's fees. We remand the cause to the District Court with instructions that it (1) revisit the issue of the reasonableness of Universal's claims in light of the Merits Appeal Decision; (2) consider closely whether, and if so how exactly, Universal shifted its theory of the case; and (3) consider also whether the remaining rationales are sufficient to justify an award if the claims were reasonable and Universal did not shift its theory of the case. Once it has done so, it should enter a new order and decision setting forth its reasoning.

Accordingly, we do not reach the other questions raised on appeal. For judicial economy, any appeal of a future fees award (or decision not to award fees) in this case will be directed to this panel.

\* \* \*

The District Court's judgment is **VACATED** and the cause is **REMANDED** for proceedings consistent with this Order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court